IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JASON MCNAIR,

    Plaintiff,

v.                                         CASE NO. 1:20-cv-19-AW-GRJ

DIXIE CTY. CIRCUIT COURT, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, who at the time of filing was confined at the Dixie County Jail, initiated this case on January 17, 2020, by filing a handwritten "Petition," which this Court construed as a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. The Complaint is before the Court for screening in accordance with 28 U.S.C. § 1915(e).

The Complaint suffers from numerous defects. Plaintiff failed to use this Court's form for prisoner civil rights complaints. Pursuant to Northern District of Florida Local Rule 5.7(A), "the Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed on the proper form." In addition to failing to use the Court's form, Plaintiff failed to either pay the $400.00 filing fee or file a motion for leave to proceed as a pauper. Pursuant to Local Rule 5.3, "a party who files or removes a civil case must

simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915."

In light of these defects, on January 27, 2020, the Court ordered Plaintiff to file an amended complaint and either pay the filing fee or file a motion to proceed as a pauper by February 26, 2020. ECF No. 3. The January 27, 2020, order was mailed to Plaintiff at the Dixie County Jail, but it was returned to the Clerk of Court as undeliverable. ECF No. 5. On March 3, 2020, the Court entered an order requiring Plaintiff to show cause on or before March 18, 2020, as to why this case should not be dismissed for failure to prosecute. ECF No. 6. The March 3, 2020, order was (again) mailed to Plaintiff at the Dixie County Jail, but the order was (again) returned to the Clerk as undeliverable. ECF No. 7. As of this date—60 days after filing—Plaintiff has failed to respond to the Court's orders, update his mailing address, or otherwise demonstrate his desire to continue the prosecution of this action.

The undersigned concludes Plaintiff has abandoned the prosecution of this action. Plaintiff's Complaint, therefore, is due to be dismissed. Fed. R. Civ. P. 41(b); *see also Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019) ("[U]nder Federal Rule of Civil Procedure

41(b), a district court may *sua sponte* dismiss a suit for failure to prosecute or failure to comply with an order.").

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Complaint, ECF No. 1, should be **DISMISSED** for failure to prosecute.

**IN CHAMBERS** this 17th day of March 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.